**IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE**

**AT KNOXVILLE**

**MAY 1998 SESSION**



**FILED**

**July 29, 1998**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

| | | |
|---|---|---|
| **STATE OF TENNESSEE,** | ) | |
| | ) | |
| Appellee, | ) | C.C.A. No. 03C01-9707-CR-00260 |
| | ) | |
| vs. | ) | Sullivan County |
| | ) | |
| **GERALD SCOTT LONG,** | ) | Hon. R. Jerry Beck, Judge |
| | ) | |
| Appellant. | ) | (Sentencing) |
| | ) | |

FOR THE APPELLANT:

**CARY TAYLOR**
Attorney at Law
547 E. Sullivan St.
Kingsport, TN 37660

FOR THE APPELLEE:

**JOHN KNOX WALKUP**
Attorney General & Reporter

**TODD R. KELLEY**
Asst. Attorney General
425 Fifth Ave. N., 2d Floor
Nashville, TN 37243-0493

**H. GREELEY WELLS, JR.**
District Attorney General

**GREG NEWMAN**
Asst. District Attorney General
P.O. Box 526
Blountville, TN 37617-0526

OPINION FILED:_____

**AFFIRMED AND REMANDED**

**CURWOOD WITT, JUDGE**

## OPINION

The defendant, Gerald Scott Long, appeals the manner of service of his concurrent eleven month, 29 day sentences for his misdemeanor convictions of casual exchange and reckless endangerment. The length of Long's sentences were agreed upon as part of a guilty plea settlement, and the manner of service was left for determination by the Sullivan County Criminal Court. Following a hearing, the court denied alternative sentencing and ordered Long to serve his sentences in the county jail.[1] In this direct appeal, Long claims he should have received probation or some other form of alternative sentencing. Following a review of the record, we affirm the judgment of the trial court insofar as sentencing is concerned. However, we remand this matter to the trial court for correction of an error on the judgment form in case S37,948.

## I

In determining whether the trial court has properly sentenced an individual, this court engages in a de novo review of the record with a presumption that the trial court's determinations were correct. Tenn. Code Ann. § 40-35-401(d) (1997). This presumption is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). In conducting our de novo review, we must consider the evidence at sentencing, the presentence report, the sentencing principles, the arguments of counsel, the statements of the defendant, the nature and characteristics of the offense, any mitigating and enhancement factors, and the defendant's amenability to rehabilitation. Tenn. Code Ann. §§ 40-35-210(b), 40-35-103(5) (1997); Ashby, 823 S.W.2d at 168. On appeal, the appellant has the burden of showing that the sentence imposed is improper.

---

[1]The court imposed 0% minimum service prior to work release and 30% minimum service prior to release.

Tenn. Code Ann. § 40-35-401(d), Sentencing Comm'n Comments (1997); Ashby, 823 S.W.2d at 169.

We find that the trial court sentenced the defendant in accord with the statutory framework; therefore, its determination is entitled to the presumption of correctness.

At the sentencing hearing, the entirety of the evidence consisted of the presentence report and a stipulation of the defendant's work history. The record reflects that the defendant is a 27 year old single father of two children. The record does not reflect whether he is the custodial parent of either of his children. He had been employed until he lost his job as a result of being indicted for the instant offenses. Thereafter, he became self-employed. He has a lengthy history of what the trial court characterized as "petty" offenses spanning the twelve years prior to the instant offenses. Notably, he has been given past chances to rehabilitate himself through probation, drug treatment, shock incarceration, and the like, yet he has continued to disregard the law. The defendant's criminal history is notable for numerous previous speeding convictions, a reckless endangerment conviction and a reckless driving conviction. According to the officer's statement in the presentence report, the instant reckless endangerment charge arose from dangerous driving and excessive speed. The defendant left the roadway, almost hitting telephone poles. He disregarded traffic controls. The officer pursued the defendant at speeds reaching 113 miles per hour and ultimately discontinued the pursuit due to the defendant's dangerous actions. The defendant's criminal history also included a violent offense. Two officers from the police department opposed probation for the defendant because they believed the defendant was a major drug dealer in Kingsport and because the defendant was not truthful after his arrest. One of the officers also reported that the defendant was not cooperative after his arrest.

3

In finding the defendant an unsuitable candidate for alternative sentencing, the trial court relied upon his past criminal history and the failure of less restrictive and rehabilitation-oriented sentencing imposed for prior offenses. See Tenn. Code Ann. § 40-35-103(1)(A), (1)(C), (5) (1997). The court found these considerations weighty in comparison to favorable evidence of the defendant's good work history. Moreover, the court apparently considered the defendant's concern that he needed to be able to run his businesses so that he could support his children because the court imposed 0% service prior to eligibility for work release.

In attempting to meet his appellate burden, Long conclusorily argues that the "denial of probation makes no sense and is inconsistent with the overall policy" of the Sentencing Act. He further claims that the "proof summarized by counsel and the objective criteria . . . favors, if not presumes, a granting of probation or alternative sentencing in this case." He offers no specifics pertinent to his case to support these arguments. Further, he claims that a denial of probation should be reversed upon a showing that the defendant is not a first priority for incarceration under Code section 40-35-102(5), has not been the subject of failed rehabilitative measures, is not a violent criminal, and shows potential for rehabilitation; however, the record demonstrates that this defendant is not such an individual. Simply put, we are unpersuaded by the defendant's arguments. He has failed to carry his burden of showing that the manner of service imposed by the trial court is improper. See Tenn. Code Ann. § 40-35-401(d), Sentencing Comm'n Comments (1997); Ashby, 823 S.W.2d at 169.

## II

Our review of the record has revealed an irregularity on the judgment form for the casual exchange conviction, case number S37,948. The conviction is

classified on the judgment form as a Class C misdemeanor; however, casual exchange is a Class A misdemeanor unless aggravating circumstances are present to elevate it to felony classification. See Tenn. Code Ann. § 39-17-418 (1997). This irregularity must be corrected by the trial court.

Accordingly, we affirm the trial court's sentencing determination and remand this matter to the trial court for correction of the judgment form in case number S37,948.

_____
CURWOOD WITT, JUDGE

CONCUR:

_____
JOSEPH M. TIPTON, JUDGE

_____
JOE G. RILEY, JUDGE